**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
JOHANY ERNESTO ORTIZ,

                Plaintiff,

    -against-

CM PROFESSIONAL PAINTING CORP. and
EDGAR MOLINA,

                Defendants.

-------------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

21-CV-0821 (GRB)(JMW)

**Justin M. Reilly**
**Keith E. Williams**
**Neil H. Greenberg**
Neil H. Greenberg & Associates, P.C.
4242 Merrick Road
Massapequa, NY 11758
*For Plaintiff Johany Ernesto Ortiz*

*No appearance for CM Professional Painting Corp.*

**WICKS,** Magistrate Judge:

       Plaintiff, Johany Ernesto Ortiz, commenced this action against Defendants CM Professional Painting Corp. ("CMPP") and Edgar Molina ("Molina") pursuant to alleged violations of the Fair Labor Standards Act, New York Labor Law, and New York Codes, Rules, and Regulations. (DE 11.) Before the Court is Plaintiff's motion for leave to serve Defendant Molina with the summons and Amended Complaint via alternative means, namely, by email and certified mail to Molina's last known address. (DE 15.) For the reasons that follow, Plaintiff's motion is denied.

## I.    BACKGROUND

    Plaintiff commenced this action on February 15, 2021 by filing a Complaint (DE 1) against Defendant CMPP. A summons was issued the next day and returned executed on February 22, 2021. (DE 4; DE 5.) On October 6, 2021, Plaintiff filed a summons and Amended Complaint, adding Edgar Molina as a named Defendant. (DE 11; DE 12.) A summons was issued to Molina on October 7, 2021, but service was not effectuated. (DE 14.) On October 25, 2021, Plaintiff filed this motion (DE 15), requesting leave to serve

1

Molina by alternative means. Plaintiff asserts that he found Molina's address on CMPP's website: 47 Bellows Pond Road, Hampton Bays, New York 11946. (*Id.*) A process server attempted to serve Molina at that address on two occasions, but both times there was a "SOLD" sign outside of the house and boxes inside. (*Id.* DE 15-1.) Plaintiff's counsel conducted additional internet searches and a process server performed a skip trace, but neither were able to ascertain a new address for Molina. (*Id.*) Although Plaintiff had his process server complete "nail and mail" service (DE 16), Plaintiff now requests leave to serve Molina by mailing a copy of the summons and Amended Complaint to Molina's last known address via certified mail, return receipt requested and via the email address listed on CMPP's website: cmprofessionalpainting1914@gmail.com. (*Id.*) Plaintiff asserts that Molina is the sole owner of CMPP, a small independently owned business, and that he controls the day-to-day operations and is thus, likely to receive the email if service is permitted through such a channel. (*Id.*)

## II. DISCUSSION

Service of process of an individual within a judicial district of the Unites States is made pursuant to Fed. R. Civ. P. 4(e), which provides:

> (e) Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Pursuant to Section 308 of New York Civil Practice Law and Rules, "[p]ersonal service upon a natural person shall be made by any of the following methods:"

2

>(1) by delivering the summons within the state to the person to be served; or
>
>(2) by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential . . . ; or
>
>(3) by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318.

N.Y.C.P.L.R. §§ 308 (1)–(3). When service under paragraphs one and two of N.Y.C.P.L.R. § 308 *cannot* be made with due diligence, the statute holds that service may be effectuated:

>(4) . . . by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other . . .

*Id.* § 308(4).

Should the so-called "nail and mail" method of C.P.L.R. § 308(4) fail or if "nail and mail' is impracticable, "New York law allows expedient service, that is, service 'in such manner as the court, upon motion without notice, directs.'" *Grammenos v. Lemos*, 457 F.2d 1067, 1070–71 (2nd Cir. 1972) (quoting C.P.L.R. § 308(5)). "Specifically, 'Section 308(5) requires a showing of impracticability of other means of service but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute. The meaning of 'impracticability' depends upon the facts and circumstances of the particular case.'" *Ferrarese v. Shaw*, 164 F. Supp.3d 361, 365 (E.D.N.Y. 2016) (quoting *Fortunato v. Chase Bank USA, N.A.*, No. 11 Civ. 6608 (JFK), 2012 WL 2086950, at *1 (S.D.N.Y. June 7, 2012)). "Courts have found the impracticability standard met where, despite a diligent search, a 'plaintiff has demonstrated that her efforts to obtain information regarding the [defendant's] current residence or place of abode through ordinary means ... had proven ineffectual.'" *Bozza v. Love,* No. 15 Civ. 3271(LGS)., 2015 WL 4039849, at *1 (S.D.N.Y. July 1, 2015) (brackets in original) (quoting *Franklin v. Winard,* 189 A.D.2d 717, 717, 592 N.Y.S.2d 726, 727, (1st Dep't 1993); *see also S.E.C. v. Nnebe*, No. 01 Civ. 5247(KMW)(KNF), 2003 WL

3

402377, at *3 (S.D.N.Y. 2003) (collecting cases).

Once a plaintiff has shown impracticability, a court will "permit and approve the giving of notice under a substitute system limited by the requirements of the due process clause." *S.E.C. v. Tome*, 833 F.2d 1086, 1093 (2d Cir. 1987). Due process requires that service be reasonably calculated to apprise parties of the action, while affording them an opportunity to present objections. *F.T.C. v. Pecon Software Ltd.*, Nos. 12 Civ. 7186, 12 Civ. 7188, 12 Civ. 7191, 12 Civ. 7192, 12 Civ. 7195 (PAE), 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013). Courts have found delivery of a summons and complaint by certified mail to a defendant's last known address to be a permissible method of alternative service if plaintiff shows that the mail is likely to reach defendant, otherwise courts will permit such service under a multifaceted approach. *See Zavala v. Top Shelf Elec. Corp.*, 20 Civ. 9437 (PAE) (KNF), 2021 WL 3159849, at * 1 (S.D.N.Y. June 14, 2021) (finding that service by the "combination" of certified mail and email comported with due process, and noting that plaintiff established certified mail would likely reach defendant); *Marvici v. Roche Facilities Maint. LLC*, 21 Civ. 4259 (PAE) (JLC), 2021 WL 5323748, at *3-4 (S.D.N.Y. Oct. 6, 2021) (finding that service by certified mail was problematic since plaintiffs knew defendant did not actually live or work at subject address, but permitting such service in addition to service by text message that plaintiff showed would likely reach defendant, because courts in this district approve "multi-prong approaches" to service); *Ferrarese*, 164 F.Supp.3d at 366 (permitting service by certified mail, in addition to serving by email and Facebook post, because petitioner showed that the papers would likely reach the defendant since petitioner previously had success in reaching defendant by mailing papers to last known address); *D.R.I., Inc. v. Dennis*, No. 03 Civ. 10026(PKL), 2004 WL 1237511 (S.D.N.Y. Jun. 3, 2004) (permitting plaintiff to attempt service by certified mail, return receipt requested to defendant's last known addresses, in addition to service by publication in local newspaper and email).

Courts in this jurisdiction have also permitted email service in addition to service by mail. *See Fabbro v. Balke*, 19-CV-5764-ENV-SJB, 2020 WL 3525692, at *4 (E.D.N.Y. June 29, 2020) (permitting service by email in addition to service by mail); *Pearson Educ. Inc. v. Doe 1*, No. 18-CV-7380 (PGG) (OTW), 2019 WL 6498305, at *3 (S.D.N.Y. Dec. 2, 2019) ("Email service has also repeatedly been found by courts to meet the

requirements of due process.") (citing *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 379 (S.D.N.Y. 2018) (collecting cases)); *see also Group One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 345 (E.D.N.Y 2021) ("The current global pandemic provides further reason to find that service via email satisfies due process, as it is the most efficient method to accomplish service.").

"Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *Ferrarese*, 164 F. Supp. 3d at 367 (internal quotation marks and citations omitted). To meet the due process standard of demonstrating that service via email is likely to reach a defendant, a plaintiff must submit something more than a bare assertion or conclusion that the email will likely reach the defendant. *See ADI Glob. Distrib. v. Green*, 20-CV-3869 (DRH)(JMW), 2021 WL 5759725, at *4 (E.D.N.Y. Dec. 3, 2021) (holding that service by email was reasonably calculated to apprise defendant of lawsuit because defendant replied to email that contained summons and complaint); *Group One Ltd.*, 523 F. Supp. 3d at 345 (finding that service via email comported with due process because defendants previously communicated directly with plaintiff's counsel concerning anticipated or pending litigation via same email address); *Noble Sec. Inc., v. Ingamar Co., Ltd.*, 21-CV-1372 (MKB), 2021 WL 2012508, at *6 (E.D.N.Y. May 20, 2021) (holding that service via email comported with due process because defendant used the email address to communicate about the allegedly infringed products within the last 5 months, and an email sent to that address prompted a conversation between defendant and his attorney); *Zanghi v. Ritella*, 19 Civ. 5830 (NRB), 2020 WL 589409, at *6 (S.D.N.Y. Feb. 5, 2020) (finding that individual's recent use of an email address indicated email was likely to reach him); *F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189(PAE)., 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (finding that the specified email addresses for defendants were used in the subject business scheme and that one of the email accounts was recently in use by defendant*); Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988(GBD)., 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (finding that service by email was reasonably calculated to apprise defendants of the pendency of the action as plaintiff demonstrated "defendants conduct business extensively, if not exclusively, through their Internet websites and correspond regularly with customers via email."); *compare to Ehrenfeld v. Salim a Bin Mahfouz*, No. 04 Civ. 9641(RCC)., 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005) (finding that plaintiff

5

did not provide sufficient information for the court to conclude defendant maintained the website that listed the email address as a means of business communications); *Pfizer Inc. v. Domains by Proxy*, No. Civ.A3:04 CV 741(SR)., 2004 WL 1576703, at *1 (D. Conn. July 13, 2004) (finding that plaintiff failed to show that email was reasonably calculated to apprise defendants of the pending action when proposed email addresses were found on website's with inactive domains at the time of the decision).

      Here, Plaintiff first attempted to serve Molina by delivering a copy of the summons and complaint to Molina personally at 47 Bellows Pond Road, Hampton Bays, New York 11946, the address listed on CMPP's website. Instead of finding Molina or anyone else at the address, there was a "SOLD" sign outside the home and boxes within the home. Drawing the reasonable conclusion that Molina had moved from his last known residence, Plaintiff performed internet searches and had his process server perform a "skip trace" in hopes of uncovering a proper location to serve Molina, but those searches were also unsuccessful. Accordingly, traditional means of service have proved impracticable. *See D.R.I., Inc. v. Dennis*, 2004 WL 1237511, at *1 (finding service impracticable after plaintiff used a process server, "skip trace" search, internet search, and attempted service at two listed residents "to no avail.").

      That said, Plaintiff has not provided an adequate basis for this Court to find that alternative service by certified mail and email comports with due process.[1] Aside from asserting, "It is likely that Molina will receive notice of this lawsuit via the email address as he is the sole owner of CMPP (a small independently operated business) and controls its day-to-day operations," (DE 15) Plaintiff does not provide any information that shows Molina has ever used that email address. In fact, the website from which Plaintiff obtained the email address (https://cmprofessionalpaintingcorp.com) does not appear to be active. The unsupported assertions that Plaintiff provided are not sufficient for the Court to conclude that an email to cmprofessionalpainting1914@gmail.com, found on a now inactive website, would actually reach Molina. *See Ehrenfeld*, 2005 WL 696769 at *3 (denying alternative service by email because plaintiff "provided no information that would lead the Court to conclude that Defendant maintains the website, monitors the email address, or would be likely to receive information transmitted to the e-mail address."); *compare to Elsevier*,

---

[1] Nor has Plaintiff asserted that "Nail and Mail" was impracticable.

287 F. Supp.3d at 379 (finding that service through email was particularly appropriate because plaintiff showed that "defendants engage in online business and regularly communicate with customers through functional email addresses"). Since the Court is not satisfied on this record that service by email would likely lead to defendant receiving notice, the Court declines to condone certified mail as the sole alternative basis for service as adequate. *See Marvici*, 2021 WL 5323748 at *3-4 (holding that although plaintiffs reasonably posited that defendant had set up mail forwarding services, certified mailing alone would not satisfy due process, and permitting service by certified mail only in addition to text message that plaintiff established was likely to apprise defendant of lawsuit). Accordingly, Plaintiff's motion for leave to effect service of process on Defendant Molina via certified mail and email is denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to serve Defendant Edgar Molina by alternative means (DE 15) is denied.

Dated:  Central Islip, New York
        March 14, 2022

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

7